UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| FIFTH THIRD BANK, | Case No. 1:09-cv-474 |
| Plaintiff, | HONORABLE PAUL L. MALONEY |
| v. | |
| TROJAN II METER 1986 Hull # TRJHH-010-J586, and her engines, tackle, etc., *in rem*, | |
| DONALD A. BALZER, *in personam*, | |
| HARBOR COUNTRY MARINE SERVICE, INC., and NEW BUFFALO MARINE SERVICE, LLC, | |
| Defendants. | |

### Opinion and Order

### Directing Plaintiff to File a Default-Judgment Affidavit Which Complies with the SSCRA

Plaintiff Fifth Third Bank ("the bank") filed the original complaint in May 2009. *See* Document 1. On June 2, the bank filed a motion for issuance of an *in rem* arrest warrant for defendant Trojan II Meter 1986 Hull # TRJHH010J586 ("the vessel"), which the court granted on June 4, 2009. *See* Docs. 2, 4 and 5. On June 24 the bank filed a motion to appoint New Buffalo Marine Service, LLC ("New Buffalo") as substitute custodian for the vessel; the motion was referred to United States Magistrate Judge Scoville, who granted it on June 29, 2009. *See* Docs. 6 and 7. Also on June 29, 2009, the bank filed an amended complaint. *See* Doc. 8.

Defendants Donald A. Balzer ("Balzer") and Harbor Country Marine Service, Inc. ("Harbor Country") were served with the amended complaint on July 2, making their answers (or dispositive motions) due on Wednesday, July 22, 2009. *See* Docs. 9 & 10. One week after Balzer and Harbor Country's answer deadline, the bank filed a motion for default judgment against Balzer alone on the amount due under the vessel's First Preferred Ship Mortgage and Note. *See* Doc. 11. In support of the default-judgment application, the bank filed an affidavit which states, in its entirety:

> I am the Impound Specialist of Fifth Third Bank, the Plaintiff herein. I have read the foregoing Complaint and know the contents thereof to be true of my own knowledge, except for those matters therein stated upon information and belief and, as to those matters, believe them to be true[.]
>
> The reason that I make this verification is that Fifth Third bank is a corporation and I am an officer and employee thereof. The source of my information and the basis of my belief as to the matters stated in the Complaint is my own knowledge, reports made to me by employees, and the records of the corporation.
>
> Donald Balzer is in a state of default on the payments due under the note and mortgage. As of April 24, 2009, there is presently due and owing a total amount of $9[,]868.87, representing a principal balance of $9[,]455.26, costs and fees of $375.00, and interest of $38.61 at a rate of 7.75% per annum.

Plaintiff's Application for Default Judgment Against Defendant Donald A. Balzer, Ex 1 - Affidavit of Tina Thompson executed April 24, 2009 in Kent County, Michigan at 1-2. The affidavit makes no mention of Balzer's military service status or the bank's efforts, if any, to ascertain that status.

The Soldiers and Sailors Civil Relief Act of 1940, 50 U.S.C. § 520 *et seq.* as amended ("SSCRA"), requires that when a party seeks default judgment in any court, he must first file an affidavit stating that he has confirmed that the defendant is not in American military service.[1] *See*

---

[1] The SSCRA makes it a crime to make or use such an affidavit when the user/maker knows it is false. *See* 50 U.S.C. § 520(2) and § 521(c) and *US v. Kaufman,* 453 F.2d 306, 308-09 (2d Cir. 1971) (affirming convictions for knowingly filing false non-military-service affidavits).

50 U.S.C. § 520(1)*; see generally Millard v. US*, 16 Ct. Cl. 485, 489 n.3 (Cl. Ct. 1989) (referring to "fail[ure] to show compliance with federal laws governing default judgment against persons in military service" as one possible infirmity in a default-judgment application), *aff'd*, 916 F.2d 1 (Fed. Cir. 1990); *see, e.g., US v. $2,724.30 in U.S. Currency*, 2009 WL 159161, *1 (E.D. Mich. Jan. 22, 2009) (Sean Cox, J.) ("In support of its Motion seeking a Default Judgment as to the Currency against all parties and a final order of forfeiture, the Government has also submitted an Affidavit of Majority, Non-Incompetence, and Non-Military Status that indicates that based upon information and belief, neither Champion nor Shelly [is] serving in the military . . . ."). The Act has long been construed liberally to protect those men and women who drop their own affairs" – and risk their lives – "to take up the burdens of their country." *Merrill v. Beard*, 2007 WL 461469, *3 (N.D. Ohio Feb. 7, 2007) (Christopher Boyko, J.) (citing *Conroy v. Aniskoff*, 507 U.S. 511, 516 & n.9 (1993) and *Boone v. Lightner*, 319 U.S. 561, 574 (1943)).[2]

The affidavit submitted by the bank does not satisfy the SSCRA. "As was said by our Court of Appeals in a different context: '* * * The Soldiers' and Sailors' Civil Relief Act means exactly what it says * * * .' Therefore, the application of the plaintiff for entry of a judgment by default herein cannot be granted on the present record." *US v. Simmons* 508 F. Supp.2d 552 (E.D. Tenn.

---

[2]

The SSCRA authorizes the court to appoint an attorney to represent an absent party if it appears that he is in American military service. *See US v. Moss*, 2009 WL 2255516, *3 (N.D. Cal. July 27, 2009) (citing 50 U.S.C. § 521(b)(2)). This will not apply here unless a party presents some evidence or reason to believe that Balzer is or has been in the military during the pendency of this action.

The SSCRA cannot apply, of course, where the defendant is a corporation or an item of property. *See Trustees of Tile, Marble & Terrazano Ins. Trust Fund v. Int'l Tile*, 2009 WL 187718, *1 (E.D. Mich. Jan. 23, 2009) (Cox, J.) (accepting default-judgment affidavit stating that "Defendants are corporations [and thus] are incapable of being in violation of the requirements for Non-Majority [sic, Non-Minority], Non-Incompetence, and Non-Military Status.").

1980) (Neese, J.) (quoting *Ray v. Porter*, 464 F.2d 452, 456 (6th Cir. 1972)).

If a court enters a default judgment but later vacates it because of noncompliance with a provision of the SSCRA, that *vacatur* "'shall not impair a right or title acquired by a *bona fide* purchaser for value under the default judgment.'" *Hurley v. Deutsche Bank Trust Co. Americas*, 2009 WL 701006, *4 (W.D. Mich. Mar. 13, 2009) (Quist, J.) (quoting 50 U.S.C. sec 521(h)), *order issued*, 2009 WL 728230 (W.D. Mich. Mar. 13, 2009), *recon. denied*, 2009 WL 1067314 (W.D. Mich. Apr. 14, 2009). That could complicate matters unnecessarily. Hence, it is especially prudent to ensure that default judgment is not entered until the bank has confirmed that Balzer has not been in military service during the pendency of this action.

**ORDER**

No later than Tuesday, September 1, 2009, the plaintiff **SHALL FILE** an affidavit (in support of its application for default judgment) which complies with the SSCRA.

The affidavit may either supplant or supplement the existing affidavit.

This is not a final and immediately appealable order.

**IT IS SO ORDERED this  10th  day of August 2009.**

                                        /s/ Paul L. Maloney
                                        Honorable Paul L. Maloney
                                        Chief United States District Judge